Follet agt. Sherman.

the plaintiffs nor Tallman or Johnson had any control over the note, nor was it in their power to return it to defendant in any event.

> J. A. COLLIER, *defendant's counsel.*
> Z. KNOX, *defendant's attorney.*
> H. H. MARTIN, *plaintiffs' counsel.*
> TALLMAN & JOHNSON, *plaintiffs' attorneys.*

BRONSON, Chief Justice. The defendant has precluded himself from making this motion, by giving an indorsed note for the amount of the judgment, under an agreement which gives the plaintiffs an absolute right to the note in the event that the April motion should be denied. Although this is, in some respects, a hard case, we can give no relief.

Motion denied with $7 costs.

---

BENJAMIN FOLLET and DANIEL H. CHANDLER agt. ALLEN M. SHERMAN.

Where a party moves to set aside a default, &c., for irregularity, and shows a service of the pleading on the attorney for the opposite party, who entered the default, in consequence of not receiving such pleading; he must show that such service was made in *strict conformity to the rule*, otherwise he must pay costs to be let in.

*September Term,* 1846.

MOTION by plaintiffs to set aside default for not surrejoining, and all subsequent proceedings, for irregularity.

It appeared from plaintiffs' papers that this was an action of assumpsit commenced by *capias ad respondendum* on a promissory note. The writ served April 16, 1845. The declaration contained the common money counts, and other common counts in assumpsit. The defendant [*239] pleaded three pleas, first the general *issue; second, non assumpsit within six years; and third, that the action did not accrue within six years. Plain-

tiff replied to the second plea, concluding with a veri-
fication, and to the third plea concluding to the country.
About Nov. 25, 1845, plaintiffs' attorney received a copy of
rejoinder with notice to surrejoin.   Plaintiffs' attorney stated
that he served a copy of surrejoinder on defendant's attorney
as follows: "And this deponent further saith, that on the
31st day of December, 1845, this deponent served the defend-
ant's attorney with a copy of surrejoinder to the defendant's
rejoinder, by inclosing the same in a wrapper and directing
the same to said defendant's attorney at Newburgh, Orange
county, where said defendant's attorney resided, as this de-
ponent then believed, and depositing the same, so directed, in
the post-office at Batavia, where this deponent resided, and
paying the postage thereon: that this deponent usually
marked his letters on which he designed paying postage with
the letters Pd. and the initials of his name ; that he has been
particular, in serving papers in this suit, to have such service
made according to the rules of this court, and has in some in-
stances actually paid the postage instead of relying upon the
postmaster.   That this deponent has no doubt that he paid
the postage on such surrejoinder unless the same was marked
as aforesaid, and no instance has come to the knowledge of
this deponent where the postmaster failed to mail a letter *as
paid*, which was marked as above by this deponent, and a few
days after said letter was mailed he paid his postage bill in
full."   On the 27th May, 1846, plaintiffs' attorney mailed to
defendant's attorney a notice, requiring him to answer the sur-
rejoinder in twenty days after service of such notice ; and
that from the time of serving the copy surrejoinder until the
service of a copy bill of costs on the 18th day of June, 1846,
he received no communication or intelligence from the defend-
ant (who was an attorney of this court) or his attorney on the
subject of this suit.   The plaintiffs' default for not surrejoin-
ing and rule for final judgment were entered 13th March,
1846 ; a copy bill of costs and notice of taxation served on
plaintiffs' attorney, June 18, 1846.   Plaintiffs' papers showed
the correspondence between plaintiffs' attorney and defendant,

in relation to opening the default, which defendant declined to do. Defendant's papers showed that about the time a surrejoinder was due from plaintiffs' attorney, and for several days afterwards, defendant and his attorney were very diligent in their inquiries, at the post-office at Newburgh, for letters or packages to defendant or his attorney, and especially any which were mailed at Batavia, and they were told by the postmaster none such had beeen received, and that they [*240] *never received or saw any surrejoinder in this suit, and believed no such pleading or paper had been served.

A. TABER, *plaintiffs' counsel.*

R. PROUDFIT, JR., *plaintiffs' attorney.*

M. TAGGART, *defendant's counsel and attorney.*

BRONSON, Chief Justice. The surrejoinder was not received, and as the proof of service by mail is not in strict conformity to the rule, I think the plaintiffs must pay costs. *Ordered,* that the plaintiffs' default for not surrejoining and all subsequent proceedings on the part of the defendant be set aside, and that the plaintiffs have leave to surrejoin, on payment of the costs of the default and subsequent proceedings, including seven dollars costs of opposing this motion.